UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH A. WINTERS,

     Petitioner,

v.

GARY MINIARD, *Warden*,

     Respondent.

Case No. 25-12043
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS [1]**

---

Keith A. Winters was convicted in state court in 2021 on two counts of first-degree retail fraud for which he was sentenced to two years of probation with the first 270 days to be served in jail and with credit for time served. (*See* ECF Nos. 10-8, 10-9.) But in 2024, Winters pled guilty in state court to another charge of first-degree retail fraud and corresponding probation violations from the 2021 case. (ECF No. 10-23; 10-25.) The trial court sentenced him to concurrent terms of 3-to-5 years in prison on the former, and a concurrent term of 2-to-5 years in prison on the latter. (*Id.*; *see also* ECF No. 9, PageID.71.)

Winters filed a petition for a writ of habeas corpus in July 2025. (ECF No. 1.) In his petition, Winters raises claims concerning the validity of his sentence and the effectiveness of his counsel, specifically contending that:

I.     His sentence is procedurally and substantively unreasonable, disproportionate, disparate, and inequitable; and

II.    His right to effective assistance of counsel was violated where his

sentence of 36 to 60 months was unlawful for three reasons: (1) the plea bargain was not placed on the record as required by law; (2) the guidelines were scored out for habitual 4th but the bargain agreed to dismiss the enhancement in return for the plea; and (3) he was told he would be sentenced to a year in the county jail and the sentence recommended in the PSI was for 12 months in the county jail.

(ECF No. 1.)

For the reasons below, Winters' petition is DISMISSED WITHOUT PREJUDICE.

## I.

Following his convictions and sentencing, Winters filed an application for leave to appeal with the Michigan Court of Appeals, where he challenged the validity of his sentence—his first habeas claim. (ECF No. 10-26, PageID.484–498.) The Michigan Court of Appeals denied leave to appeal. *People v. Winters*, No. 373020 (Mich. Ct. App. Dec. 18, 2024) (unpublished); (ECF No. 10-26, PageID.483.) Winters then filed an application for leave to appeal with the Michigan Supreme Court raising that same claim, and also challenging the effectiveness of defense counsel—his second habeas claim. (ECF No. 10-27, PageID.567–569, PageID.573–584.) The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Winters*, No. 168099, _ Mich. _, 20 N.W.3d 566 (Mich. May 22, 2025). Winters then filed his federal habeas petition. (ECF No. 1.) Respondent filed a response to the petition, arguing that Winters failed to exhaust his state court remedies. (*See* ECF Nos. 9, 10.) Winters has not filed a reply.

2

## II.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275–78 (1971). A prisoner confined pursuant to a Michigan state court conviction must have raised each habeas issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). And the claims must have been "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A habeas petitioner has the burden to prove that he has exhausted his state court remedies. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

## A.

Winters fails to meet his burden of demonstrating exhaustion of his state court remedies. While he raised his first claim to both the Michigan Court of Appeals and the Michigan Supreme Court, the record shows that he did not present his second habeas claim concerning the effectiveness of his counsel to the Michigan Court of Appeals—i.e., he only raised that claim before the Michigan Supreme Court. (*See* ECF No. 10-27, PageID.567–569, PageID.573–584.) But first presenting a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement for habeas relief. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Hickey*

3

*v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). So Winters has not exhausted his ineffective assistance of counsel claim before seeking federal habeas review.

While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *see Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Winters does not appear to argue that exhaustion would be futile or meritless. That is, he does not appear to dispute that he may raise his unexhausted claim before the state trial court by filing a motion for relief from judgment under Michigan Court Rule 6.500 and then pursue that claim in the state appellate courts as necessary. The Court thus finds no reason to sidestep the exhaustion requirement for habeas relief.

### B.

A federal district court generally must dismiss a "mixed" habeas petition—i.e., one that contains both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004). Such a dismissal "leav[es] the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

To be sure, courts have discretion to stay a "mixed" habeas petition to allow a petitioner to present his unexhausted claim(s) to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But this process, known as stay and abeyance, is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277; *see, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, at *2–3 (E.D. Mich. Oct. 16, 2007).

Winters has made no such showing here. In fact, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for him as long as he pursues his state court remedies promptly. That is because the one-year period does not begin to run until 90 days after the conclusion of direct appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). In this case, the Michigan Supreme Court denied leave to appeal on direct review on May 22, 2025, and Winters filed his federal habeas petition on July 8, 2025. Thus, the one-year period had not even begun to run when he instituted this action.

True, the time in which a habeas case has been pending in federal court is not statutorily tolled. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other

5

collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). But such time may be equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). The one-year period may also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002). Given that the entire one-year limitations period remains with any applicable equitable tolling, and about four months remain without it, Winters has ample time to fully exhaust all of his habeas claims in the state courts and return to federal court on a perfected petition should he wish to do so. A stay is thus unnecessary.

## III.

For the reasons above, Winters' petition is DISMISSED WITHOUT PREJUDICE. By separate order, the Court DENIES a certificate of appealability, but GRANTS leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: April 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE